IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>　　　Plaintiff,<br><br>　v.<br><br>THE SUPREME COURT AND THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Defendant. | Nos. MC 10-80216 CRB<br><br>**ORDER FINDING MATTER OUTSIDE THE SCOPE OF EXCLUSIONARY ORDER LIMITING PLAINTIFF'S RIGHT TO FILE A COMPLAINT, GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING MATTER FOR FAILURE TO STATE A CLAIM** |

On September 2, 2010 Plaintiff Daniel Rodriguez filed a lawsuit nominally against the Supreme Court of San Francisco and the people of California apparently related to alleged abuse he suffered at the hands of one or more deputies during his time as an inmate in the San Francisco County Jail.

Because Mr. Rodriguez has a history of filing complaints concerning allegations of medical malpractice, he is subject to a Standing Order requiring a "pre-filing review of any complaint" to ascertain whether that complaint should be summarily rejected as impermissibly duplicative. See Order Dismissing Compl. (Dkt. 14) in 08-5257 MHP. The Complaint in this matter does not concern allegations of medical malpractice, and it is thus not barred by the Standing Order.

Accordingly, the Court will treat the Complaint as filed and, in the interest of judicial expediency, GRANT Plaintiff's Application to Proceed in Forma Pauperis and DISMISS this

Complaint on the ground that it fails to state a claim. See 28 U.S.C. § 1915 (2)(B)(ii). Specifically, the entire substance of the Complaint spans a single, largely unintelligible, paragraph:

> A lot time in all State of U.S.A. Special in SF CA I had been beating sex harass, torture and intent of death by J. Aguirre and 3 more working deputy in 850 Bryant Street in jail, I was in jail 3 cell 9 and cell 7.  On 11-4-2009 until I was release on 4-25-2010.  I'm sick of this sex offender discrimination I suffer my life and my motion on this sex offender action.  I had been discriminate.  This action had been demise this action is over.

Even reading the Complaint liberally, it does not state a claim upon which relief can be granted because it contains only an entirely conclusory assertion of mistreatment at the hands of one or more prison officials during the course of Plaintiff's incarceration. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**IT IS SO ORDERED.**

Dated: September 8, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE