IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>             Plaintiff,<br><br>   v.<br><br>THE SUPREME COURT AND THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>             Defendants. | No. C 10-80216 CRB<br><br>**SECOND ORDER DENYING MOTION** |

On September 2, 2010 Plaintiff Daniel Rodriguez filed a lawsuit nominally against the Supreme Court of San Francisco and the people of California apparently related to alleged abuse he suffered at the hands of one or more deputies during his time as an inmate in the San Francisco County Jail. Dkt. 1. On September 8, 2010, the Court dismissed Plaintiff's case for failure to state a claim upon which relief can be granted because it contained only an entirely conclusory assertion of mistreatment at the hands of one or more prison officials during the course of Plaintiff's incarceration. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Dkt. 3.

On January 20, 2012, the Court received a document titled "Motion for Dismissal," which appeared to ask for a guilty plea to be set aside, and release petitioner from all penalties and disabilities resulting from a state law offense conviction. Dkt. 4. It did not appear that this allegation had any connection to the original allegations of misconduct by

1  prison officials that formed the basis of Plaintiff's original Complaint, nor did Plaintiff move
2  to re-open his case. Still, on January 24, 2012, the Court denied this Motion, as the relief the
3  petitioner sought appeared to have already been granted by the state court. Order Denying
4  Motion (dkt. 5) at 2 (holding that as Plaintiff was requesting a guilty plea be set aside and
5  release from all penalties resulting from that plea, and the documents attached to the motion
6  included a state court Order of Dismissal granting the requested relief, that this Court could
7  not fashion any relief Plaintiff had not already received from the state court). Thus, while
8  not a procedurally proper filing, the Court determined it could easily dispose of the issue on
9  the merits.

10  On February 10, 2012, and February 13, 2012, the Plaintiff filed additional
11  documents. Dkts. 8, 9. These now appear to request totally separate relief with no
12  connection to Plaintiff's earlier filed action. To the extent the Court can decipher the request,
13  it appears Plaintiff is requesting some action with regard to his registration as a sex offender
14  under California law. See id. These claims have no relation to Plaintiff's original
15  Complaint. To the extent that Plaintiff wishes to open a new case challenging California sex
16  offender registration requirements, he must follow the regular procedural rules governing
17  filing a case in federal court. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a
18  complaint with the court."); Civ. L.R. 3-2(a) ("Every complaint, petition or other paper
19  initiating a civil action must be filed with a completed civil cover sheet on a form approved
20  by the Court."). To the extent Plaintiff's filing can be construed as a Motion in the old case,
21  it is DENIED because that case has been dismissed.

22  **IT IS SO ORDERED.**

25  Dated: March 9, 2012         CHARLES R. BREYER
                                  UNITED STATES DISTRICT JUDGE

2