IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

v.

THE SUPREME COURT AND THE PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants.

No. C 10-80216 CRB

**THIRD ORDER DISMISSING MATTER**

On September 2, 2010 Plaintiff Daniel Rodriguez filed a lawsuit nominally against the Supreme Court of San Francisco and the people of California apparently related to alleged abuse he suffered at the hands of one or more deputies during his time as an inmate in the San Francisco County Jail. Dkt. 1. On September 8, 2010, the Court dismissed Plaintiff's case for failure to state a claim upon which relief can be granted because it contained only an entirely conclusory assertion of mistreatment at the hands of one or more prison officials during the course of Plaintiff's incarceration. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Dkt. 3.

On January 20, 2012, the Court received a document titled "Motion for Dismissal," which appeared to ask for a guilty plea to be set aside, and release petitioner from all penalties and disabilities resulting from a state law offense conviction. Dkt. 4. It did not appear that this allegation had any connection to the original allegations of misconduct by

<div style="float:left">United States District Court<br>For the Northern District of California</div>

1  prison officials that formed the basis of Plaintiff's original Complaint, nor did Plaintiff move
2  to re-open his case. Still, on January 24, 2012, the Court denied this Motion, as the relief the
3  petitioner sought appeared to have already been granted by the state court. Order Denying
4  Motion (dkt. 5) at 2 (holding that as Plaintiff was requesting a guilty plea be set aside and
5  release from all penalties resulting from that plea, and the documents attached to the motion
6  included a state court Order of Dismissal granting the requested relief, that this Court could
7  not fashion any relief Plaintiff had not already received from the state court). Thus, while
8  not a procedurally proper filing, the Court determined it could easily dispose of the issue on
9  the merits.

10  On February 10, 2012, and February 13, 2012, the Plaintiff filed additional
11  documents. Dkts. 8, 9. These documents appeared to request totally separate relief with no
12  connection to Plaintiff's earlier filed action. To the extent the Court could decipher the
13  request, it appeared Plaintiff was requesting some action with regard to his registration as a
14  sex offender under California law. See id. These claims had no relation to Plaintiff's
15  original Complaint. The Court stated that to the extent Plaintiff wished to open a new case
16  challenging California sex offender registration requirements, he must follow the regular
17  procedural rules governing filing a case in federal court. See Fed. R. Civ. P. 3 ("A civil
18  action is commenced by filing a complaint with the court."); Civ. L.R. 3-2(a) ("Every
19  complaint, petition or other paper initiating a civil action must be filed with a completed civil
20  cover sheet on a form approved by the Court."). To the extent Plaintiff's filing could be
21  construed as a Motion in the old case, the Court denied it because that case has been
22  dismissed.

23  Plaintiff has since filed two additional filings in this closed case. See dkts. 11, 13.
24  These purport to be a Motion to Correct the Docket Number and a Motion for Relief. To the
25  extent the Court can decipher these additional filings, they appear to relate fully to his claims
26  regarding his registration as a sex offender under California law. As this Court has
27  previously held, these claims have no relation to Plaintiff's original Complaint. The Court
28  again holds that to the extent Plaintiff wishes to challenge this completely separate alleged

conduct, he must open a new case.  Plaintiff must follow the regular procedural rules governing filing a case in federal court.  See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Civ. L.R. 3-2(a) ("Every complaint, petition or other paper initiating a civil action must be filed with a completed civil cover sheet on a form approved by the Court.").  This case has been closed since September 8, 2010, and the Court will not accept any further filings in this case that do not directly relate to the issue in the original action.

**IT IS SO ORDERED.**

Dated: June 12, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE